G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff,
JOSEPH MEDEIROS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MEDEIROS,<br><br>             Plaintiff,<br><br>   vs.<br><br>THE LAW OFFICE OF KEVIN Z. SHINE, PLLC; DOES 1 through 10, inclusive,<br><br>         Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1.     This is an action for actual and statutory damages brought by Plaintiff, Joseph Medeiros, an individual consumer, against Defendant, The Law Office of Kevin Z. Shine, PLLC, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

1.   Plaintiff, Joseph Medeiros, is a natural person with a permanent residence in Modesto, Stanislaus County California 95355.

2.   Upon information and belief the Defendant, The Law Office of Kevin Z. Shine, PLLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 131 Roxbury Park, East Amherst, Erie County, New York 14051. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

3.   Defendant is engaged in the collection of debts from consumers using the mail and telephone.   Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4.     The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

5.     Plaintiff is informed, believes, and thereupon alleges that Defendant's employees, agents, and representatives were directed, trained, and instructed to, and did, record telephone conversations with consumers.

6.     Plaintiff is further informed, believes, and thereupon alleges that Defendants did not provide any verbal warnings or automated, pre-recorded warnings to either Plaintiff or other consumers who participated in a telephone conversation with Defendant that the telephone conversation was recorded.

7.     Plaintiff is further informed, believes, and thereupon alleges that Defendant did not provide any periodically repeated, audible "beep tone" or other sound throughout the duration of a telephone conversation to warn Plaintiff that the call was recorded.

8.     On or about March 27, 2012, Defendant placed a collection call to Plaintiff.   Plaintiff spoke with an employee, agent, or representative of the Defendant and was informed that the Defendant sought to collect a debt from him.

COMPLAINT AND DEMAND FOR JURY TRIAL

At no time during this conversation did Plaintiff receive a warning from Defendant that his call was being recorded, when in fact, it was recorded.

9.      Plaintiff is informed, believes, and thereupon alleges that Defendant recorded this March 27, 2012 telephone conversation.  Defendant failed to verbally warn Plaintiff, at the outset of this telephone conversation, of Defendant's intent to record the conversation.  Defendant failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Plaintiff during this call that the conversation was being recorded.  Because Defendant failed to warn Plaintiff at the outset of this telephone conversation that the call was being recorded, Plaintiff was deprived of the ability to either decline to participate in a recorded call or to censor the content of the conversation.  Plaintiff did not provide Defendant with consent to record this telephone conversation.

12.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to take legal action against Plaintiff.

13.     Defendant has no standing to commence legal proceedings on behalf of the creditor.

14.     Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the

matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

15.    The representations made to Plaintiff by Defendant regarding legal proceedings were false.

16.    The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

17.    The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

18.    The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

19.    Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## CLAIMS FOR RELIEF

### *FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FDCPA*

20.    Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21.    Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

22.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23.    As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Joseph Medeiros, for declaratory judgment that Defendant's

conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### *SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE RFDCPA*

24.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

25.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to the following:

> (a)   Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

26.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

### *THIRD CAUSE OF ACTION – STATUTORY INVASION OF PRIVACY IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 632*

28.     Plaintiff repeats and realleges and reincorporates herein by this reference all of the foregoing paragraphs, above, as though set forth in full herein.

29.    At all material times, California Penal Code Section 632 was in full force and effect and was binding upon Defendant, and existed for the benefit of the consumers and for Plaintiff, all of whom are and/or were protected by the Privacy Act.

30.    Defendants violated California Penal Code Section 632 by recording telephone conversations Plaintiff, without the consent of all parties to these conversations.

31.    California Penal Code Section 632.7 is a manifestation of the California Legislature's determination that the privacy invasion arising from the non-consensual recording of a confidential communication constitutes an affront to human dignity that warrants a minimum of $5,000 in statutory damages per violation, even in the absence of proof of actual damages, or treble damages, whichever amount is greater, as well as injunctive relief enjoining further violations. Defendants' surreptitious recordings of the confidential communications of Plaintiff caused injury to Plaintiff in the form of an affront to their human dignity, and damages in amounts to be determined at the time of trial.

32.    Based upon the foregoing, Plaintiff, is entitled to, and below prays for, damages for each of Defendant's violations of California Penal Code Section 632.7

COMPLAINT AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, The Law Office of Kevin Z. Shine, PLLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA.

B. Actual damages.

C. Statutory damages.

D. Punitive damages.

E. Costs and reasonable attorney fees.

F. Any pre-judgment and post-judgment interest as may be allowed under the law.

G. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Joseph Medeiros, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

DATED:  September 10, 2012        By:_____

G. Thomas Martin, III
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL